**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) **Civil Action No.** |
| **Plaintiff,** | ) FILED: SEPTEMBER 15, 2008 ) 08 CV 5240 |
| v. | ) JUDGE DARRAH ) |
| **GONNELLA BAKING CO.,** | ) MAGISTRATE JUDGE ASHMAN ) JH |
| **Defendant.** | ) **JURY TRIAL DEMAND** ) |

**COMPLAINT**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of national origin, race, and retaliation and to provide appropriate relief to a class of employees who were adversely affected by such practices, including Jose Contreras ("Contreras"), Andres Lopez ("Lopez"), Rocio Munoz de Flores-Castro ("Munoz de Flores-Castro"), and Juan Segura ("Segura") (collectively, "Charging Parties"). The Charging Parties were each harassed because of their national origin, Mexican, and because of their race, non-white. The Charging Parties complained about that harassment, and in retaliation therefor they were harassed further and Contreras was constructively discharged.

**JURISDICTION AND VENUE**

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), 42 U.S.C.

-1-

§2000e-5(f)(1) §2000e-5(f)(3).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

5. Plaintiff United States Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), Title VII, 42 U.S.C. §2000e-5(f)(1).

6. At all relevant times, Defendant Gonnella Baking Co. ("Defendant") has continuously been a corporation doing business in Illinois.

7. At all relevant times, Defendant has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

9. On February 7, 2006, more than thirty (30) days prior to the institution of this action, Contreras filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

10. On February 7, 2006, more than thirty (30) days prior to the institution of this action, Lopez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

11. On November 30, 2005, more than thirty (30) days prior to the institution of this action, Munoz de Flores-Castro filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

12. On June 22, 2006, more than thirty (30) days prior to the institution of this action, Segura filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Since at least January 2004, Defendant has engaged in discrimination against a class of employees of Mexican national origin at its Aurora, Illinois facility, including the Charging Parties, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include, but are not limited to:

(a) subjecting employees, including the Charging Parties, to a hostile working environment because of their national origin, Mexican, including repeated use by a supervisor of derogatory, anti-Mexican comments and epithets; and

(b) subjecting employees, including the Charging Parties, to a hostile working environment because of their race, non-white, including repeated use by a supervisor of derogatory, anti-Mexican comments and epithets; and

(c) constructively discharging Contreras by making his work environment intolerable through egregious national origin and/or race harassment.

15. Since at least January 2004, Defendant has engaged in retaliation, in violation of § 704(a) of Title VII, 42 US.C. 2000e-3(a), against a class of employees at its Aurora, Illinois facility, including the Charging Parties, because they opposed employment practices prohibited by Title VII. These unlawful employment practices include, but are not limited to:

(a) subjecting employees, including the Charging Parties, to a hostile working environment in retaliation for their complaints about national origin and/or race harassment, including requiring them to work at greater speeds, turning off fans in the workplace during the summertime, assigning the employees dangerous tasks for which they had not been trained, denying them bathroom breaks, and requiring them to work for longer periods of time; and

(b) constructively discharging Contreras by making his work environment intolerable through egregious retaliatory harassment.

16. The result of the practices complained of above has been to deprive a class of

employees, including the Charging Parties, of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin and/or race, and to deprive a class of employees, including Charging Parties, of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to unlawful national origin and/or race discrimination.

17. The unlawful employment practices complained of above were and are intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of each member of the classes of employees described above, including Charging Parties.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of national origin and/or race or which retaliate against employees for opposing employment practices prohibited by Title VII;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of national origin and race and regardless of opposition to practices prohibited by Title VII, and which eradicate the effects of its unlawful employment practices on all employees;

C. Order Defendant to make whole a class of employees, including the Charging Parties, by providing compensation for past and future non-pecuniary losses resulting from the unlawful national origin and/or race discrimination alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

D. Order Defendant to make whole a class of employees, including Charging Parties, by providing compensation for past and future non-pecuniary losses resulting from the unlawful retaliation alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

E. Order Defendant to make Contreras whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to front pay or rightful place reinstatement, and compensation for past and future non-pecuniary losses resulting from the unlawful national origin and/or race discrimination and retaliation alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct alleged above, in amounts to be determined at trial;

G. Grant such further relief as this Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Ronald Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Justin Mulaire
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312-353-7722