UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 08 C 5240 |
| v. ) ) | Judge John W. Darrah |
| GONNELLA BAKING CO., ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Equal Employment Opportunity Commission ("the EEOC"), filed suit against Defendant, Gonnella Baking Co. ("Gonnella"), alleging unlawful employment practices on the basis of national origin, race, and retaliation with respect to four employees of Defendant. Before this Court is Defendant's Motion to Strike or Dismiss Retaliation Claim in Part.

### BACKGROUND

This case originates from four separate charges filed with the EEOC by four employees of Defendant, starting in November 2005. All employees involved are of Hispanic national origin. The charges allege that the four employees were subjected to continuous harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") by their supervisor, Mary Monarrez. The charges include accusations of discrimination based on race and national origin. In addition, the charges also allege that Defendant retaliated against the employees after they reported the harassment and discrimination to their union, upper management, and the human resources department.

The EEOC conducted an investigation surrounding the allegations raised by the charges. Following the investigation, the EEOC issued a letter of determination for each charge, finding that based on the evidence, each of the charges had merit and reasonable cause existed to believe that Defendant had engaged in the unfair labor practices. After an unsuccessful attempt to resolve the issues through an informal conciliation process, the EEOC filed the instant action. The complaint alleges that Defendant committed both acts of discrimination and retaliation against the four employees, beginning as early as January 2004. This motion is for dismissal of the portion of the complaint filed by the EEOC that alleges that Defendant committed acts of retaliation prior to June 2005.[1]

## LEGAL STANDARD

When ruling on a motion to dismiss under 12(b)(6), Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*Concentra*) (quoting Fed. R. Civ. P. 8(a)(2)). To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ---, 127 S. Ct. 1955, 1959 (2007) (*Bell Atlantic*). "Its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

---

[1] An initial misunderstanding arose between the parties regarding what the motion to dismiss was alleging. As a result, there was discussion between the parties in Plaintiff's opposition and Defendant's reply briefs as to whether the EEOC could include claims in their complaint that were not included in the charge. This issue, however, was resolved between the parties through recognition that the standard for suits filed by the EEOC differs from the standard used when a individual files suit, and that the EEOC is not limited to claims made in the charge. *See E.E.O.C. v. Caterpillar, Inc.*, 409 F.3d 831 (7th Cir. 2005).

'speculative level.'" *Concentra*, 496 F.3d at 776 (quoting *Bell Atlantic*, 550 U.S. at ---, 127 S. Ct. at 1959).

When considering a motion to dismiss for lack of subject-matter jurisdiction under 12(b)(1), a court may look "beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject-matter jurisdiction exists." *Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999) (*Long*) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)).

When considering a motion to dismiss for failure to state a claim, 12(b)(6), or lack of subject-matter jurisdiction, 12(b)(1), a court must accept as true all facts stated in the complaint and draw all reasonable inferences in favor of the plaintiff. *Segal v. Geisha NYC LLC*, 517 F.3d 501, 504 (7th Cir. 2008); *Long*, 182 F.3d at 554 (Rule 12(b)(1)).

## ANALYSIS

### *Procedural Requirements Prior to Bringing Suit*

The parties dispute whether or not Plaintiff satisfied the required procedures before filing an action in district court regarding retaliation that took place prior to June 2005. Defendant claims that Plaintiff failed to provide notice to Defendant regarding violations that were not stated in the underlying charges and did not give Defendant an opportunity to resolve these specific claims through the conciliation process. Defendant contends that if no notice was given and no opportunity for conciliation was available, the Court does not have jurisdiction over the claim, and the claim should be dismissed.

When a charge is filed with the EEOC alleging unfair labor practices by an employer, the EEOC must serve notice on the employer, investigate the allegations, and make a determination as to whether there is "reasonable cause" to believe that the unfair labor practice took place.

42 U.S.C. § 2000e-5(b). If the EEOC decides that there is reasonable cause, before filing suit with the district court, the EEOC must issue a letter of determination to the employer and give the employer a chance to conciliate the charge. 42 U.S.C. § 2000e-5(b).

There are two principle rationales for the determination letter requirement: (1) to notify the employer of the EEOC's findings and (2) to provide a common ground for conciliation. *E.E.O.C. v. Chesapeake & Ohio Ry. Co.*, 577 F.2d 229 (4th Cir. 1978). A lawsuit filed by the EEOC on behalf of an individual can contain claims that were not part of the underlying charge, but were discovered during the investigation, as long as the defendant is notified of the new claims through the letter of determination and an opportunity for conciliation is available on those claims. *E.E.O.C. v. Fifth Third Bank*, 2004 WL 422673, *2 (N.D. Ill. 2004) (*Fifth Third Bank*).

Plaintiff argues that its investigation of the retaliation charges had no temporal limit and, therefore, the letters of determination provided adequate notice of all retaliation claims alleged in the complaint, including the claims for retaliation prior to June 2005. As a result, Defendant had ample opportunity for conciliation with respect to all matters in the complaint. Defendant responds that the charges specifically alleged retaliation began in June 2005, and although the EEOC is allowed to add claims based on their investigation, the letters of determination did not present any indication that the investigation revealed findings of retaliation beyond what was stated in the charges. Thus, because due to the lack of notice on the claims prior to June 2005, Defendant was not given an opportunity for conciliation on those issues.

"The purpose of requiring a reasonable cause finding and conciliation efforts is to provide the defendant with notice of the specific practices the EEOC has found to be unlawful." *Fifth Third Bank*, 2004 WL 42263 at *3. If the investigation turns up new claims, the EEOC

4

must notify the defendant of the new findings. *Fifth Third Bank*, 2004 WL 422673 at *2. Defendant is correct that no notice was given for the allegations of retaliation prior to June 2005. The charges in this case allege specific time periods when the discrimination took place and specific time periods for when the retaliation took place. There is no mention of any additional findings of retaliation in the determination letters.

Plaintiff knew about their obligation to notify Defendant of additional issues discovered during the investigation because Plaintiff gave notice of a new claim in a letter of determination. This claim, failure to maintain employment applications, arose out of the investigation. Therefore, a clear statement should have been made by Plaintiff with regard to the unlawful retaliation that took place prior to June 2005. Accordingly, Plaintiff did not give adequate notice to Defendant for claims of retaliation prior to June 2005. Defendant had no opportunity to voluntarily resolve the problems related to those particular claims. It is a prerequisite to filing suit that the EEOC make a "good faith effort" to conciliate on the claims. *E.E.O.C. v. Dial Corp.*, 156 F.Supp.2d 1028, 1031 (N.D. Ill. 1998) (*Dial Corp.*). Thus, Plaintiff failed to meet the necessary procedural requirements before filing suit.

*Subject-Matter Jurisdiction*

The next issue is whether failure to meet the procedural prerequisites for filing a claim denies the Court of jurisdiction over that claim. Plaintiff is correct that jurisdiction is not lost. The district court has jurisdiction over all Title VII claims. 42 U.S.C. § 2000e-5(f)(3). This section of the United States Code makes no reference to preconditions of suit, such as conciliation attempts, as being a prerequisite to jurisdiction.

In addition, the Seventh Circuit has distinguished preconditions to suit from jurisdiction prerequisites in a number of cases. *See Ameritech Ben. Plan Comm. v. Communications Workers*

5

*of Am.*, 220 F.3d 814, 819 (7th Cir. 2000) (*Ameritech*); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). "Exhaustion [of remedies] is not a jurisdictional requirement for Title VII claims . . . it is merely a precondition to bringing a Title VII claim in federal court." *Ameritech*, 220 F.3d at 819. Notice and opportunity for conciliation are administrative remedies and thus, preconditions to bringing suit; therefore, failure to comply with these preconditions does not divest the Court of jurisdiction.

Other circuit courts have specifically ruled that failure to make a good faith effort for conciliation does not result in a lack of jurisdiction. "The inquiry into the duty of 'good faith' on the part of the EEOC is relevant to whether the court should entertain the claim . . . not to its power over the cause." *E.E.O.C. v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978).

Thus, this Court retains jurisdiction over the claims of retaliation prior to June 2005, even though Plaintiff violated the procedural prerequisite prior to filing suit.

### *Motion for Summary Judgment*

Defendant asserts that if the Court determines that the procedural failure by Plaintiff does not divest the Court of jurisdiction, then the Court should convert the motion into a partial motion for summary judgment and treat the issue as an affirmative defense to be decided as a matter of law. However, a motion for summary judgment on this issue must now necessarily be denied. Granting summary judgment with respect to the retaliation claims prior to June 2005 would be an improper remedy at this time and, in any event, too harsh a sanction to impose on the EEOC for lack of notice and failure to conciliate on part of one claim.

The law requires that the EEOC make a "sincere and reasonable effort" to conciliate by giving the employer an "adequate opportunity" to respond to the claims brought against them. *Dial Corp.*, 156 F.Supp.2d at 940 (citing *E.E.O.C. v. Prudential Fed. Sav. & Loan Ass'n*,

763 F.2d 1166 (10th Cir. 1978) (*Prudential*)). Based on the determination letters, the EEOC made a good faith attempt to conciliate with the employer on the various claims. Thus, failure to provide Defendant an opportunity to conciliate on the retaliation claims prior to June 2005 was due to a reasonable misunderstanding between the parties based on the existence of a temporal time limit; this is insufficient to find the conciliation process inadequate.[2] *See Dial Corp.*, 156 F.Supp.2d at 942 (finding that the EEOC's failure to identify every class member during the conciliation process was not enough to render the conciliation efforts inadequate).

Several district courts have specifically rejected dismissing a claim when the EEOC has at least attempted to conciliate and, instead, chose to grant a stay. *See Prudential*, 763 F.2d at 1169; *Marshall v. Sun Oil Co.*, 592 F.2d 563, 566 (5th Cir. 1979). "If the district court finds that further conciliation efforts are required, the proper course is to stay proceedings until such informal conciliation can be concluded." *Dial Corp.*, 156 F.Supp.2d at 942, n. 11. Thus, as the EEOC made a good faith effort to conciliate most of the claims, Defendant's motion for summary judgment is denied. The matter is stayed to allow the parties to participate in the conciliation process regarding the retaliation claims prior to June 2005.

---

[2] Defendant assumed that the EEOC was adopting the time period of retaliation alleged in the charges, unless otherwise stated. Plaintiff, on the other hand, intended for no time period to apply to the findings of retaliation and believed that was understood unless a specific time period was stated in the letters of determination.

## CONCLUSION

Therefore, Defendant's Motion to Strike and Dismiss Retaliation Claim in Part is denied, and the action is stayed for a period of forty-five days from the date of this order.

Dated: February 5, 2009

JOHN W. DARRAH
United States District Court Judge